IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil Action No. 07-712 (ESH) |

**JOINT STIPULATION**

The parties hereby submit this joint stipulation regarding Plaintiff the Democratic National Committee's claims arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations. Following Defendant the United States Department of Justice's submission to Plaintiff of a draft *Vaughn* index on November 20, 2007, Plaintiff's identification of withholdings it intended to challenge on December 20, 2007, and Defendant's supplemental release and submission of a revised draft *Vaughn* index on January 15, 2008, the parties have agreed to limit the claims that need to be resolved by the Court.

Accordingly, the parties stipulate that:

1.　Defendant has completed processing of Plaintiff's March 19, 2007 FOIA request described in ¶ 6 of the Complaint (dkt. no. 1) ("FOIA Request"). The United States Department of Justice, Office of Information and Privacy ("OIP"), which is responsible for responding to the FOIA Request on behalf of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, produced to Plaintiff (i) 1134 pages in full and (ii) 624 pages with

excisions, and withheld 1235 pages. OIP's withholdings were made pursuant to FOIA Exemption 2, 5 U.S.C. § 552(b)(2) ("Exemption 2"), FOIA Exemption 5, 5 U.S.C. § 552(b)(5) ("Exemption 5"), FOIA Exemption 6, 5 U.S.C. § 552(b)(6) ("Exemption 6"), and FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)").

     2.     OIP also referred for direct response to Plaintiff 6 pages to the United States Department of Justice, Executive Office for United States Attorneys ("EOUSA"), 2 pages to the United States Department of Defense ("DOD"), 113 pages to the United States Department of Homeland Security ("DHS"), 4 pages to the United States Department of Health and Human Services ("HHS"), 21 pages to the United States Department of Interior ("DOI"), 5 pages to the United States Department of Labor ("DOL"), and 3 pages to the United States Office of Personnel Management ("OPM"). EOUSA released 3 pages with excisions made pursuant to Exemption 6, and withheld the other 3 pages in full pursuant to Exemption 6. DOD released both pages referred to it with excisions made pursuant to Exemption 2 and Exemption 6. DHS released 52 pages in full and 61 pages with excisions made pursuant to Exemption 2. HHS released all 4 pages referred to it with excisions made pursuant to Exemption 2 and Exemption 6. DOI released all 21 pages referred to it with excisions made pursuant to Exemption 2. DOL released all 5 pages referred to it with excisions made pursuant to Exemption 2 and Exemption 6. And OPM released all 3 pages referred to it in full.

     3.     Plaintiff will not challenge OIP's search for documents responsive to Plaintiff's FOIA Request, and thus concedes that Defendant's search satisfies Defendant's burden under FOIA to conduct a reasonable search.

4.      Plaintiff will not challenge OIP's withholdings made pursuant to Exemption 2, and thus concedes the appropriateness of OIP's assertion of that exemption as grounds for nondisclosure of portions of documents.

5.      Plaintiff will not challenge OIP's withholdings made pursuant to Exemption 6, and thus concedes the appropriateness of OIP's assertion of that exemption as grounds for nondisclosure of documents and portions of documents.

6.      Plaintiff will not challenge OIP's withholdings made pursuant to Exemption 7(C), and thus concedes the appropriateness of OIP's assertion of that exemption as grounds for nondisclosure of portions of documents.

7.      Except as specifically identified in Paragraph 10, Plaintiff will not challenge OIP's withholdings made pursuant Exemption 5 on the basis of the deliberative process privilege, and thus concedes the appropriateness of OIP's assertion of that exemption on the basis of the deliberative process privilege as grounds for the nondisclosure of documents and portions of documents not otherwise identified in Paragraph 10.

8.      Plaintiff will not challenge EOUSA's withholdings made pursuant to Exemption 6 in the document listed as Document No. 1 in EOUSA's *Vaughn* index (attached as Exhibit C to the Declaration of Dione Jackson Stearns, Attorney Advisor, Executive Office for United States Attorneys, United States Department of Justice, which is attached as Exhibit 2 to the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment to be filed on January 24, 2008), and thus concedes the appropriateness of EOUSA's assertion of that exemption for the nondisclosure of portions of Document No. 1.

9.      Plaintiff will not challenge DHS's, DOL's, DOI's, DOD's, and HHS's withholdings made pursuant to Exemption 2 and Exemption 6, and thus concedes the

appropriateness of those agencies' assertion of those exemptions as grounds for nondisclosure of portions of documents.

  10. Plaintiff limits its remaining claims against Defendant in this action to those claims concerning the appropriateness of the following:

  (a) OIP's assertion of Exemption 5 on the basis of the presidential communications privilege as grounds for the nondisclosure of documents and portions of documents listed in Document Group Nos. 3, 6, 21, and 26 in OIP's *Vaughn* index (attached as Exhibit K to the Declaration of Melanie Ann Pustay, Director of the Office of Information and Privacy, United States Department of Justice, which is attached as Exhibit 1 to the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment to be filed on January 24, 2008);

  (b) OIP's assertion of Exemption 5 on the basis of the deliberative process privilege as grounds for the nondisclosure of documents and portions of documents listed in Document Group Nos. 3, 6, 21, 25, 26, and 28 in OIP's *Vaughn* index; and

  (c) EOUSA's assertion of Exemption 6 as grounds for the nondisclosure of documents and portions of documents listed as Document Nos. 2-5 in EOUSA's *Vaughn* index.

  11. Defendant will only address Plaintiff's remaining claims as identified in Paragraph 10 in its dispositive motion, due on January 24, 2008.

Respectfully submitted,

| | |
|---|---|
| /s/ Joseph E. Sandler | JEFFREY S. BUCHOLTZ |
| Joseph E. Sandler | Acting Assistant Attorney General |
| D.C. Bar # 255919 | |
| Sandler Reiff & Young, P.C. | JEFFREY A. TAYLOR |
| 50 E Street, S.E. #300 | United States Attorney |
| Washington, D.C. 20003 | |
| Tel: (202) 479-1111 | ELIZABETH J. SHAPIRO |
| Fax: (202) 479-1115 | Assistant Director |
| | Federal Programs Branch |
| Attorneys for Plaintiff | |
| | /s/ Nicholas A. Oldham |
| | Nicholas A. Oldham (D.C. Bar No. 484113) |
| | Trial Attorney |
| | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| | <u>Mailing Address</u> |
| | P.O. Box 883 |
| | Washington, D.C. 20044 |
| | <u>Delivery Address</u> |
| | 20 Massachusetts Ave., N.W. |
| | Washington, D.C. 20001 |
| | Tel: (202) 514-3367 |
| | Fax: (202) 616-8470 |
| | nicholas.oldham@usdoj.gov |
| | |
| | Attorneys for Defendant |

Date: January 24, 2008